FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 19, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2023 ND 136

Darrell Redpaint,
a/k/a Darrell Red Paint, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20230042

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant; submitted on brief.

Brian D. Grosinger, State's Attorney, Rolla, N.D., for respondent and appellee; submitted on brief.

**Redpaint v. State**
**No. 20230042**

**Tufte, Justice.**

[¶1] Darrell Redpaint appeals from an order summarily denying his application for postconviction relief. We affirm, concluding the State timely asserted its affirmative defense and moved for summary judgment, the district court did not abuse its discretion by continuing the hearing on the application, and the court did not err in summarily denying the application under the statute of limitations.

I

[¶2] In 1981, Redpaint was convicted of two counts of murder. The judgment of conviction was affirmed on direct appeal. *State v. Red Paint*, 311 N.W.2d 182 (N.D. 1981). Redpaint applied for postconviction relief at least eight times prior to his current application. *See* Case Nos. 08-97-C-2182, 08-99-C-1261; *Red Paint v. State*, 2002 ND 27, 639 N.W.2d 503; *Clifford v. O'Donnell*, 2005 ND 27, 694 N.W.2d 22; *Clifford v. Redmann*, 2006 ND 93, 719 N.W.2d 384; *Clifford v. State*, 2009 ND 64, 767 N.W.2d 529; Case Nos. 40-2016-CV-74, 40-2017-CV-70. All of these applications were either dismissed or denied by the district court and affirmed or dismissed by this Court when appealed, except for Case No. 40-2017-CV-70, where the district court granted the application in part, clarifying that the life sentences previously imposed included the possibility of parole.

[¶3] In May 2022, Redpaint once again applied for postconviction relief, alleging the court in his underlying criminal case lacked jurisdiction because he was a juvenile at the time of the crimes. The State answered, alleging his juvenile status did not preclude his convictions and the application was barred by the statute of limitations and res judicata. A hearing on the application was set. Prior to the hearing, the State filed a "Hearing Brief" informing the court that it would request leave to move for summary judgment. At the hearing, the court granted the State's request for leave to file a motion for summary judgment and continued the hearing on the application until after a ruling on

the motion. The State moved for summary judgment, arguing the application was barred by the statute of limitations and lacked genuine issues of material fact. Redpaint opposed the motion, arguing an evidentiary hearing is necessary because there are genuine issues of material fact as to whether Redpaint received effective assistance of trial counsel and notice of the hearing transferring him from juvenile court in his underlying criminal case. The court granted the State's motion for summary judgment and summarily denied Redpaint's application, concluding the application was untimely and barred by res judicata and misuse of process and there were no genuine issues of material fact.

II

[¶4] Our standard of review for a summary denial of an application for postconviction relief is well-established:

> Postconviction relief is governed by N.D.C.C. ch. 29-32.1. Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. On appeal from a postconviction proceeding, questions of law are fully reviewable. A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. We review an appeal from summary denial of postconviction relief as we would review an appeal from a summary judgment. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740 (cleaned up).

III

[¶5] Redpaint argues the district court erred in allowing the State to move for summary judgment "after the time for raising affirmative defenses had expired." "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of limitations." N.D.R.Civ.P. 8(c)(1). "*Unless another time is specified by* this rule or *a statute,*

the time for serving a responsive pleading is: (A) a defendant must serve an answer within 21 days after being served with the summons and complaint." N.D.R.Civ.P. 12(a)(1)(A) (emphasis added). Under N.D.C.C. § 29-32.1-06(1), the State has 30 days from the docketing of an application to respond by answer or motion. The State timely answered the application by filing its answer 16 days after the application was docketed and pled the statute of limitations defense within its answer.

[¶6] Under N.D.R.Civ.P. 56(b), the party against whom relief is sought may move for summary judgment "at any time." But, the motion "must be filed at least 90 days before the day set for trial and 45 days before the day set for the hearing unless otherwise ordered." N.D.R.Civ.P. 56(c)(1). The evidentiary hearing on the application was continued until such a time after the court ruled on the State's forthcoming summary judgment motion. A hearing on the summary judgment motion was not set in this case. *See Hoffman v. Hoffman*, 2023 ND 18, ¶ 15, 985 N.W.2d 683 (requiring a party to request and secure a time for a hearing under N.D.R.Ct. 3.2(a)(3)). Thus, in accordance with the rules for motion practice, the State timely moved for summary judgment. In its brief supporting summary judgment, the State argued Redpaint's application was barred by the statute of limitations.

[¶7] Redpaint further contends the district court abused its discretion by continuing the evidentiary hearing on the application. He fails, however, to argue *how* the court abused its discretion. At the hearing, Redpaint through his attorney stated he was not objecting to the grant of leave to file the summary judgment motion and in fact agreed with continuing the evidentiary hearing. Therefore, the court did not abuse its discretion by continuing the evidentiary hearing on the application.

IV

[¶8] Redpaint argues the district court erred in summarily denying his application. The court concluded Redpaint's application was untimely. Under N.D.C.C. § 29-32.1-01(2), an application for postconviction relief must be filed within two years after the conviction becomes final. The only exceptions include newly discovered evidence, delay due to physical disability or mental

disease, or newly interpreted law retroactively applicable. N.D.C.C. § 29-32.1-01(3)(a). Redpaint's application was filed over 40 years after his conviction became final, and he did not allege or argue that one of the exceptions applies. Thus, the application is barred by the statute of limitations.

V

[¶9] We affirm the order summarily denying the application for postconviction relief.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr