IN THE SUPREME COURT OF NORTH DAKOTA

| | | |
|---|---|---|
| Darrell Wayne Red Paint, | ) | **Supreme Court File No. 20230042** |
| Petitioner and Appellant, | ) | **Rolette County No. 40-2022-CV-00042** |
| v. | ) | |
| State of North Dakota, | ) | **APPELLANT'S BRIEF** |
| Respondent and Appellee. | ) | |

**Appeal from the Order denying post-conviction relief entered January 31, 2023 in Rolette County District Court, North East Judicial District, North Dakota, the Honorable Anthon Swain Benson presiding**

# APPELLANT'S BRIEF

## ORAL ARGUMENT REQUESTED

Kiara C. Kraus-Parr
ND Bar No. 06688
*Kraus-Parr Law, pllc*
527 Demers Ave
Grand Forks, ND 58201
Office: (701) 772-8991
E-file: service@krausparrlaw.com
*Attorney for the Appellant*

## TABLE OF CONTENTS

JURISDICTION ........ ¶ 1

STATEMENT OF ISSUES ........ ¶ 2

ORAL ARGUMENT ........ ¶ 3

STATEMENT OF THE CASE ........ ¶ 4

STATEMENT OF FACTS ........ ¶ 9

LAW AND ARGUMENT ........ ¶ 10

I. Whether the district court erred by denying Mr. Red Paint's petition for post-conviction relief ........ ¶ 10

a. Timeliness ........ ¶ 11

b. Genuine Issues of Material Fact ........ ¶ 19

c. Res Judicata and Misuse of Process ........ ¶ 22

d. Summary Disposition: N.D.C.C. § 29-32.1-09(1) ........ ¶ 24

CONCLUSION ........ ¶ 25

## TABLE OF AUTHORITIES

### Cases

*Beazell v. Ohio*, 269 U.S. 167 (1925) ................ ¶ 15

*Broadwell v. State*, 2014 ND 6; 841 N.W.2d 750 (N.D. 2014) ................ ¶ 10

*Calder v. Bull*, 3 Dall. 386 (1798) ................ ¶ 15

*Clifford v. O'Donnell*, 2005 ND 27; 694 N.W.2d 22 (N.D. 2005) ................ ¶¶ 5, 22

*Collins v. Youngblood*, 497 U.S. 37 (1990) ................ ¶ 15

*Everett v. State*, 2008 ND 199; 757 N.W.2d 530 (N.D. 2008) ................ ¶ 12

*Garcia v. State*, 2004 ND 81; 678 N.W.2d 568 (N.D. 2004) ................ ¶ 20

*Reiling v. Bhattacharyya*, 276 N.W.2d 237 (N.D. 1979) ................ ¶ 14

*Roe v. State*, 2017 ND 65; 891 N.W.2d 745 (N.D. 2017) ................ ¶ 10

*State v. Cummings*, 386 N.W.2d 468 (N.D. 1986) ................ ¶ 14

*State v. Grenz*, 243 N.W.2d 375 (N.D. 1976) ................ ¶ 16

*State v. Hinojosa*, 2011 ND 116; 798 N.W.2d 634 (N.D. 2011) ................ ¶ 12

*State v. Red Paint*, 311 N.W.2d 182 (N.D. 1981) ................ ¶¶ 4, 9, 19

*State v. Rodriguez*, 454 N.W.2d 726 (N.D. 1990) ................ ¶ 14

*Strickland v. Washington*, 466 U.S. 668 (1984) ................ ¶ 20

*Wacht v. State*, 2015 ND 154; 864 N.W.2d 740 (N.D. 2015) ................ ¶ 10

### Statutes, Rules, Codes

U.S. Const. amend. VI ................ ¶ 20

U.S. Const. amend. XIV ................ ¶ 20

U.S. Const. art. I § X ................ ¶ 15

N.D. Const. art. I, § 18 ........ ¶ 15

N.D. Const. art. I, § 12 ........ ¶ 20

N.D. Const. art. VI, § 6 ........ ¶ 1

N.D.C.C. § 1-02-10 ........ ¶ 14

N.D.C.C. § 27-20-02 ........ ¶ 17

N.D.C.C. § 27-20-03 ........ ¶ 17

N.D.C.C. § 27-20-09 ........ ¶ 17

N.D.C.C. § 27-20-34 ........ ¶ 17

N.D.C.C. § 29-28-03 ........ ¶ 1

N.D.C.C. § 29-28-06 ........ ¶ 1

N.D.C.C. § 29-32 ........ ¶ 13

N.D.C.C. § 29-32.1 ........ ¶ 13, 14

N.D.C.C. § 29-32.1-01 ........ ¶ 1

N.D.C.C. § 29-32.1-09 ........ ¶¶ 2, 24

N.D.C.C. § 29-32.1-12 ........ ¶¶ 22, 23

N.D.C.C. § 29-32.1-14 ........ ¶ 1

N.D.R.Civ.P. 12 ........ ¶ 11

N.D.R.Civ.P. 52(a) ........ ¶ 10

N.D.R.Civ.P. 56(c) ........ ¶ 11

## JURSIDICTION

[¶ 1] The Petitioner, Darrell Wayne Red Paint, timely appealed the judgment arising out of the district court. The district court had jurisdiction under N.D.C.C. § 29-32.1-01. The North Dakota Supreme Court has jurisdiction over the appeal of this matter pursuant to N.D.C.C. § 29-32.1-14 which provides that, "[a] final judgment entered under this chapter may be reviewed by the supreme court of this state upon appeal as provided by rule of the supreme court." Appeals shall be allowed from decisions of lower courts to the Supreme Court as may be provided by law. Pursuant to constitutional provision article VI § 6, the North Dakota legislature enacted Sections 29-28-03 and 29-28-06, N.D.C.C., which provides as follows: "An appeal to the Supreme Court provided for in this chapter may be taken as a matter of right. N.D.C.C. § 29-28-03. An appeal may be taken from:

1. A verdict of guilty;
2. A final judgment of conviction;
3. An order refusing a motion in arrest of judgment;
4. An order denying a motion for new trial; or
5. An order made after judgment affecting any substantial right of the party."

N.D.C.C. § 29-28-06.

## STATEMENT OF ISSUES

[¶ 2] I. Whether the district court erred by denying Mr. Red Paint's petition for post-conviction relief.

a. Timeliness

b. Genuine Issues of Material Fact

c. Res Judicata and Misuse of Process

d. Summary Disposition: N.D.C.C. § 29-32.1-09(1)

## ORAL ARGUMENT

[¶ 3] Oral argument has been requested to emphasize and clarify the Appellant's written arguments on their merits.

## STATEMENT OF THE CASE

[¶ 4] This is an appeal from the Rolette County Order denying Mr. Red Paint's petition for post-conviction relief. R20. The underlying criminal case was before the district court in *State v. Red Paint*, 40-80-K-1796. Mr. Red Paint was charged with two murders from May of 1980, when he was a juvenile. *See State v. Red Paint*, 311 N.W.2d 182 (N.D. 1981).

[¶ 5] Mr. Red Paint proceeded to a jury trial, was found guilty, and received two consecutive life sentences. Mr. Red Paint filed several challenges to his convictions. R20:1:¶1. In June of 2003, he filed a pro se Writ of Prohibition in the district court alleging he was improperly in district court rather than juvenile court in his underlying criminal case. 40-80-K-1796 R244; R245. He appealed the denial of his Writ. This Court found that the district court did not abuse its discretion in denying the Writ because there were no pending proceedings related to Mr. Red Paint's murder convictions and a Writ of Prohibition "is granted to stop a court from proceeding when it lacks, or is exceeding jurisdiction. *See* N.D.C.C. § 32-35-01." *Clifford v.*

*O'Donnell*, 2005 ND 27 ¶1; 694 N.W.2d 22 (N.D. 2005). The decision was a summary affirmance that did not address the merits of Mr. Red Paint's allegation that the district court lack jurisdiction in the criminal case. *Id.*

[¶ 6] In 2017, Mr. Red Paint filed a post-conviction petition which was granted in part, specifically, the district court amended his previous judgment to grant the possibility of parole for each of his two life sentences. 40-2017-CV-00070 R18:2:¶4.

[¶ 7] Mr. Red Paint filed for post-conviction relief in this case on May 31, 2022. R1. He alleged that he was a juvenile at the time of his criminal case, the court lacked jurisdiction pursuant to N.D.C.C. § 27-20-34 (replaced by N.D.C.C. § 27-20.4-21 August 1, 2022), and that his trial counsel was ineffective. R1; R19. The State filed an answer on June 16, 2022. R7. A hearing on the petition was scheduled for November 2, 2022.

[¶ 8] On October 30, 2022 the State filed a document captioned "Hearing Brief", however it motioned for dismissal and summary judgment of the application. R13. The scheduled evidentiary hearing took place on November 2, 2022 and the district court allowed time for the State to file a proper motion and for the Petitioner to respond. R28:6;8. A motion for summary judgment was then filed on November 18, 2022. Mr. Red Paint, through his counsel, responded on December 19, 2022. R19. On January 31, 2023 the court entered its Order denying post-conviction relief. R20. Mr. Red Paint timely appealed from that Order. R21.

## STATEMENT OF FACTS

[¶ 9] The facts of the underlying criminal case are found in *State v. Red Paint*, 311 N.W.2d 182, 183 (N.D. 1981).

## LAW AND ARGUMENT

### I. Whether the district court erred by denying Mr. Red Paint's petition for post-conviction relief.

### Standard of Review

[¶ 10] Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Wacht v. State*, 2015 ND 154, ¶ 6; 864 N.W.2d 740 (N.D. 2015). This Court applies a 'clearly erroneous' standard found in N.D.R.Civ.P. 52(a) when reviewing a district court's findings of fact on an appeal under the Uniform Post-Conviction Procedure Act. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made. *Roe v. State*, 2017 ND 65, ¶ 5; 891 N.W.2d 745 (N.D. 2017). However, questions of law are fully reviewable on appeal of a post-conviction proceeding. *Broadwell v. State*, 2014 ND 6, ¶ 5; 841 N.W.2d 750 (N.D. 2014).

### a. Timeliness

[¶ 11] The district court dismissed Mr. Red Paint's petition as untimely, however, the court erred in allowing the State to make a motion for summary disposition after the time for raising affirmative defenses had

expired. Affirmative defenses must be raised within 21 days of a Petitioner filing his application for post-conviction relief. *See* N.D.R.Civ.P. 12. Which was an abuse of discretion. Additionally, Rule 56 requires that the "motion and supporting documents must be filed at least 90 days before the day set for trial and 45 days before the day set for the hearing unless otherwise ordered. An opposing party has 30 days after service of a brief to serve and file an answer brief and supporting documents." N.D.R.Civ.P. 56(c). The State had waived their affirmative defenses and made no argument as to why there was good cause for the district court to grant an extension to assert them. The State actually admitted they did not know what the proper motion procedure was for requesting summary dismissal. R28:6.

[¶ 12] The decision to grant or deny a continuance is in the court's discretion. The court's decision is reviewed for an abuse of discretion. *Everett v. State*, 2008 ND 199, ¶ 25; 757 N.W.2d 530 (N.D. 2008). A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *State v. Hinojosa*, 2011 ND 116, ¶ 7; 798 N.W.2d 634 (N.D. 2011). There was no good cause to extend the State's deadline to raise affirmative defenses therefore the court abused its discretion and should be reversed.

[¶ 13] The State raised the affirmative defense of timeliness. The uniform post-conviction act, found at N.D.C.C. § 29-32 then subsequently repealed and replaced by N.D.C.C. § 29-32.1, when Mr. Red Paint committed

the underlying crimes did not contain a statue of limitations. The relevant statute the State and the court cite is, "Except as provided in subsection 3, an application for relief under this chapter must be filed within two years of the date the conviction becomes final." N.D.C.C. § 29-32.1-01. This time limitation was added by amendment effective August 1, 2013. *See* S.L. 2013, ch. 248 (SB 2227).

[¶ 14] Generally, statutes do not retroactively apply unless the legislature expressly states its intention for the statute to be retroactive. N.D.C.C. § 1-02-10 ("No part of this code is retroactive unless it is expressly declared to be so."); *State v. Rodriguez*, 454 N.W.2d 726, 730, n.3 (N.D. 1990) (discussing retroactive application of criminal intent statute); *State v. Cummings*, 386 N.W.2d 468, 471-72 (N.D. 1986) (evaluating the retroactive application of ameliorating penal legislation). "A statute is employed retroactively when it is applied to a cause of action that arose prior to the effective date of the statute." *Id.* at 471 (*quoting Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (N.D. 1979)). The North Dakota legislature did not explicitly state that the amendment to N.D.C.C. § 29-32.1-01 should retroactively apply, therefore the Court should not have applied the amended statute to Mr. Red Paint's post-conviction petition from conduct that occurred in May of 1980, before the law's change. *See Order Denying*, R20:2:¶5.

[¶ 15] Article I section 10 of the United States Constitution and Article I section 18 of the North Dakota Constitution prohibits passing any ex post

facto law. In *Collins v. Youngblood*, 497 U.S. 37, 41 (1990), the Supreme Court reaffirmed that the ex post facto clause of the Constitution covers laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins v. Youngblood*, 497 U.S. 37, 43 (1990) (*citing Calder v. Bull*, 3 Dall. 386, 391-392 (1798) (*opinion of Chase, J.*); *Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925)). Removing an avenue to challenge an improper conviction necessarily increases punishment and therefore retroactive application of the amended statute is unconstitutional reversable error.

[¶ 16] Finally the issue before the post-conviction court was whether the district court in the original criminal case lacked subject matter jurisdiction. If the court lacked subjected matter jurisdiction then all Order's and Judgments, even the judgment of conviction, from that underlying case are invalid. *State v. Grenz*, 243 N.W.2d 375, 378 (N.D. 1976). Without proper jurisdiction there is no final conviction to calculate a statute of limitation bar.

[¶ 17] the statutes at issue are from the uniform juvenile court initially passed by the North Dakota Legislature in 1969. The statute as it applied to Mr. Red Paint in 1980 was:

JURISDICTION

> 1. The juvenile court has exclusive original jurisdiction of the following proceedings. which are governed by this chapter:
> a. Proceedings in which a child is alleged to be delinquent, unruly, or deprived

N.D.C.C. § 27-20-03. (S.L. 1969, ch. 289).

DEFINITIONS

1. "Child" means an individual who is:
a. Under the age of eighteen years and is neither married and cohabiting with spouse nor in the military service of the United States; or
b. Under the age of twenty years with respect to a delinquent act committed while under the age of eighteen years.

N.D.C.C. § 27-20-02, as amended up to 1975 (SB 2047).

TRANSFER FROM OTHER COURTS

If it appears to the court in a criminal proceeding, except for an offense transferred under section 27-20-34, that the defendant is a child, the court shall forthwith transfer the case to the juvenile court together with a copy of the accusatory pleading and other papers, documents, and transcripts of testimony relating to the case, It shall order that the defendant be taken forthwith to the juvenile court or to a place of detention designated by the juvenile court, or release him to the custody of his parent, guardian, custodian, or other person legally responsible for him, to be brought before the juvenile court at a time designated by that court. The accusatory pleading may serve in lieu of a petition in the juvenile court unless that court directs the filing of a petition.

N.D.C.C. § 27-20-09 as amended up to 1975 (SB 2047).

TRANSFER TO OTHER COURTS

1. After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances or resolutions of this state, the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if:

a. The child is over seventeen or more years of age and requests the transfer; or

b. (1) The child was sixteen or more years of age at the time of the alleged conduct;

(2) A hearing on whether the transfer should be made is held in conformity with sections 27-20-24, 27-20-26, and 27-20-27;

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing; and

(4) The court finds that there are reasonable grounds to believe that:

(a) The child committed the delinquent act alleged;
(b) The child is not amenable to treatment or rehabilitation as a juvenile through available facilities;
(c) The child is not treatable in an institution for the mentally retarded or mentally ill; and
(d) The interests of the community require that the child be placed under legal restraint or discipline.

2. The transfer terminates the jurisdiction of the juvenile court over the child with respect to the delinquent acts alleged in the petition.

3. No child, either before or after reaching eighteen years of age, shall be prosecuted for an offense previously committed unless the case has been transferred as provided in this section.

4. Statements made by the child after being taken into custody and prior to the service of notice under subsection 1 or at the hearing under this section are not admissible against him over objection in the criminal proceedings following the transfer.

5. If the case is not transferred the judge who conducted the hearing shall not over objection of an interested party preside at the hearing on the petition. If the case is transferred to a court of which the judge who conducted the hearing is also a judge he likewise is disqualified over objection from presiding in the prosecution

N.D.C.C. § 27-20-34 as amended up to 1975 (SB 2047).

[¶ 18] Mr. Red Paint has pled in his petition that the district court lacked subject matter jurisdiction because he was a child within the statutory definition, subject to juvenile court, at the time of the crimes. Additionally, he alleged his trial judge did not recuse himself from the district court proceedings as required by statute, and statements made after he was taken into custody were used against him in violation of the statute. Additionally, he alleged in his response to the State's motion that his attorney was

ineffective for not properly raising these objections during his underlying criminal case.

**b. Genuine Issues of Material Fact**

[¶ 19] Mr. Red Paint has alleged his attorneys were ineffective. His pleading indicates that the underlying jurisdiction of the district court was not properly challenged; there was not an appropriate notice, hearing, factual findings, or waiver as required by statute. There was no motion made to recuse the district court judge by his attorney in violation of the juvenile court statute. Finally, he asserted that his attorney did not argue the statements should have been suppressed because of N.D.C.C. § 27-20-34(4); not because of an evidentiary privilege or because a lack of *Miranda* warning. *State v. Red Paint*, 311 N.W.2d 182, 184-185 (N.D. 1981), *See also* 1796 R19, 20, 21.

[¶ 20] The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. "To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him." *Garcia v. State*, 2004 ND 81, ¶ 5; 678 N.W.2d 568 (N.D. 2004), (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The first prong of the *Strickland* test requires that an attorney's performance be measured by an

objective standard of reasonableness, considering the prevailing professional norms. *Garcia* at ¶ 5. The second prong of the *Strickland* test requires a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Here Mr. Red Paint asserted if his attorneys had properly challenged jurisdiction, the recusal of the trial judge, and the inadmissibility of his statements under N.D.C.C. § 27-20-34(4) he would not have the current criminal conviction.

[¶ 21] The district court misapplied the law because Mr. Red Paint asserted the aforementioned facts which are material to the underlying conviction and they are in dispute, unless the state concedes his conviction should be overtured. Therefore an evidentiary hearing on the mater to fully develop the record as to these allegations should have been held.

**c. Res Judicata and Misuse of Process**

[¶ 22] The post-conviction statute explains the State may raise the affirmative defense of res judicata; the same claim or claims were fully and finally determined in a previous proceeding." 29-32.1-12(1). The district court found that Mr. Red Paint's allegations had been fully and finally determined in *Clifford v. O'Donnell*, however that is incorrect. *Clifford v. O'Donnell*, 2005 ND 27; 694 N.W.2d 22 (N.D. 2005). His Writ of Prohibition was dismissed because it was not the correct procedure to challenge the jurisdiction of an already closed criminal case. A writ of prohibition is used to stop a court from proceeding when it lacks, or is exceeding its jurisdiction, while the case is

open and active. The Writ of Prohibition cannot be used in a case that has concluded because there is no proceeding for the reviewing court to stop. Mr. Red Paint has never made a subject matter jurisdictional claim on direct appeal or in a post-conviction proceeding. The issue has therefore never been previously adjudicated and the district court committed reversable error when concluding res judicata applied.

[¶ 23] N.D.C.C. § 29-32.1-12(2) allows the district court to dismiss a claim for misuse of process if the petitioner "[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding" N.D.C.C. § 29-32.1-12. The district court in the Order denying Mr. Red Paint stated he could have raised the jurisdictional issue at the time his Writ of Prohibition was denied. R20:2¶6. However, this conclusion contradicts the court's earlier conclusion that the issue was res judicata. The court found that Mr. Red Paint did raise the issue, but the district court declined to review it as improperly pleaded. The court, by making this finding, unequivocally asserted that Mr. Red Paint raised the issue, therefore misuse of process does not apply.

**d. Summary Disposition: N.D.C.C. § 29-32.1-09(1)**

[¶ 24] N.D.C.C. § 29-32.1-09(1) provides for summary denial of a petition on "a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues

raised in the application have previously been decided by the appellate court in the same case." The district court dismissed Mr. Red Paint's application because it found that the allegations had been fully and finally determined by this Court in case 2005 ND 27, but that is not what occurred in that case. The district court dismissed the Writ of Prohibition because a Writ of Prohibition cannot challenge the jurisdiction of a case that is over, it is meant to stop a proceeding that is currently active. This Court in its decision noted there was no abuse of discretion where the wrong procedure was used, but made no substantive determinations regarding the claim of lack of jurisdiction. Therefore, the district court committed reversable error in finding that N.D.C.C. § 29-32.1-09(1) applied to Mr. Red Paint's petition.

## CONCLUSION

[¶ 25] WHEREFORE, Mr. Red Paint respectfully requests that this Court reverse the district court's Order denying his petition for post-conviction relief and remand for an evidentiary hearing on the issues raised in his petition.

Dated this 17th day of April, 2023.

/s/ Kiara Kraus-Parr
ND Bar No. 06688
**Kraus-Parr Law, pllc**
527 Demers Avenue
Grand Forks, ND 58201
(701) 772-8991
service@krausparrlaw.com
*Attorney for Appellant*

## CERTIFICATE OF COMPLIANCE

[¶ 1] This Appellant's Brief complies with the page limit of 38 set forth in Rule 32(a)(8)(A) of the North Dakota Rules of Appellate Procedure.

Dated: April 17, 2023

/s/ Kiara Kraus-Parr
ND #06688
Kraus-Parr Law, pllc
527 Demers Avenue
Grand Forks, ND 58201
(701) 772-8991
service@krausparrlaw.com
Attorney for Appellant

IN THE SUPREME COURT OF NORTH DAKOTA

| | | |
|---|---|---|
| Darrell Wayne Redpaint, | ) | **Supreme Court File No. 20230042** |
| Petitioner and Appellant, | ) | **Rolette County No. 40-2022-CV-00042** |
| v. | ) | |
| State of North Dakota, | ) | **CERTIFICATE OF SERVICE** |
| Respondent and Appellee. | ) | |

[¶ 1] The undersigned, being of legal age, being first duly sworn deposes and says that she served true copies of the following documents:

**Appellant's Brief**

And that said copies were served upon:

Brian Grosinger, Rolette County State's Attorney, rolettesa@nd.gov

by electronically filing said documents through the court's electronic filing system. Also served upon:

Darrell Wayne Redpaint, #12925,
c/o Missouri River Correctional Center
1800 48th Ave SW
Bismarck, ND 58506

by placing a true and correct copy of said items in a sealed envelope with USPS.

Dated: April 17, 2023.

/s/Kiara Kraus-Parr
ND Bar No. 06688
Kraus-Parr Law, pllc
527 Demers Avenue
Grand Forks, ND 58201
P: (701) 772-8991

E: service@krausparrlaw.com
Attorney for Defendant/Appellant