**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Darrell Red Paint Clifford,<br><br>Petitioner,<br><br>vs.<br><br>Joseph Joyce, Warden of North Dakota State Penitentiary,<br><br>Respondent. | ) | **ORDER OF DISMISSAL**<br><br>Case No. 1:24-cv-220 |

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Darrell Red Paint Clifford.[1] (Doc. No. 2). Clifford has consented to the exercise of jurisdiction of a magistrate judge. (Doc. No. 5). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must conduct a preliminary review of the petition. If it plainly appears that the petitioner is not entitled to habeas relief, the petition must be dismissed. Because Clifford's Petition is time-barred it is hereby dismissed.

## I. BACKGROUND

Clifford filed a first petition for habeas relief on January 2, 2003. See Clifford v. Schuetzle, No. A1-03-01, Doc. 3 (D.N.D. Jan. 2, 2003). The court described the background as follows:

> In his Petition, Mr. Clifford indicates he was convicted of two counts of murder in violation of Section 12.1-16-01 of the North Dakota Century Code. The date of his Judgment of Conviction is . . . January 29, 1981. Mr. Clifford was sentenced to serve two concurrent life sentences in the custody of the North Dakota Department of Corrections. Mr. Clifford appealed his conviction, arguing the district court committed reversible error in allowing testimony regarding a

[1] Clifford names the State of North Dakota as the Respondent. The proper respondent to a habeas petition is the officer who has custody of the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 434 (2005). "This custodian . . . is 'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld, 542 U.S. at 434. Accordingly, the Clerk is directed to amend the caption to reflect Joseph Joyce, Warden of North Dakota State Penitentiary, as the Respondent.

> conversation he had with Franklin Bell during which he admitted the killings. Mr. Clifford's conviction was affirmed by the North Dakota Supreme Court on October 23, 1981. State v. Red Paint, 311 N.W.2d 182, 186 (N.D. 1981).
>
> * * *
>
> In his federal habeas Petition, Mr. Clifford argues (1) that his conviction was obtained through use of a coerced confession; (2) that his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest; (3) that his conviction was obtained by a violation of the privilege against self incrimination; and (4) that he was denied his right to appeal to the United States Supreme Court.

Clifford, No. A1-03-01, Doc. No. 11 (D.N.D. Mar. 21, 2003).

The assigned magistrate judge recommended denial the 2003 petition because it was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), even after allowing for a one-year grace period.[2] Id. at 3-4. The district court, then-Chief Judge Daniel L. Hovland presiding, adopted the report and recommendation and dismissed Clifford's petition as time-barred. Clifford, No. A1-03-01, Doc. No. 13 (D.N.D. Apr. 1, 2003).

Now, more than twenty years later, Clifford filed the present habeas petition on November 4, 2024. (Doc. No. 2). Clifford's present petition asserts four grounds for relief: (1) Clifford's conviction violates the laws and constitution of North Dakota because he was a juvenile when the crimes were committed; (2) the state district court did not have jurisdiction over Clifford or the offenses because he was a juvenile; (3) his sentence is not authorized by state law; and (4) his due process rights were violated because he did not receive the state required three-day notice of a juvenile court hearing. Id. at 6-10.

## II. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases instructs district courts to promptly examine habeas petitions and dismiss a petition "[i]f it plainly appears . . . the petitioner is not

[2] Clifford was convicted in 1981, before AEDPA was enacted.

entitled to relief in the district court." In addition, before requiring the respondent to answer, the Court must determine whether the present petition constitutes a "second or successive" petition within the meaning 28 U.S.C. § 2244(b)(1)-(3)(A). This is because AEDPA imposes strict restrictions on consideration of a "second or successive" petition, and the applicant is required to obtain an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition.[3] See id.; see also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense.").

---

[3] Section 2244(b)(1) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A).

One reading of § 2244(b)(1)-(3) is that those provisions apply any time a second petition for habeas relief is made. The Eighth Circuit, along with other circuit courts, however, has held that because AEDPA failed to define more precisely what constitutes a "second or successive" petition, pre-AEDPA abuse-of-writs principles should be considered in interpreting its provisions. Crouch v. Norris, 251 F.3d 720, 723-25 (8th Cir. 2001); Vancleave v. Norris, 150 F.3d 926, 927-28 & n.2 (8th Cir. 1998); see generally Benchoff v. Colleran, 404 F.3d 812, 815-17 (3d Cir. 2005).

Applying these principles, a habeas petition will generally be considered "second or successive" if the claims were presented or could have been presented in an earlier petition that was denied on the merits. But if a prior petition was dismissed without prejudice for non-merit-based reasons (e.g., failure to exhaust state remedies, failure to comply with technical requirements, unintelligible claims) or the claim could not have been included in the prior petition because the challenged conduct had not yet occurred, a next petition will generally not be considered "second or successive." See Crouch, 251 F.3d at 723-725; Vancleave, 150 F.3d at 927-28 & n.2; see also Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996).

Here, Clifford's 2003 petition was dismissed as untimely under AEDPA, and the merits were not reached. Thus, even if the Court construes the current petition as *not* successive, it is still time-barred. As was previously determined, Clifford's time to file for federal habeas relief expired on **April 24, 1997**. Clifford, No. A1-03-01, Doc. No. 11 at 3. Clifford does not allege his present habeas petition is based on newly discovered facts or a newly recognized constitutional right made retroactively applicable to cases on collateral review by the United States Supreme Court; nor does he claim some unconstitutional impediment created by state action prevented him from filing the present petition earlier. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, the current petition is untimely and must be dismissed.

## III. CONCLUSION

Clifford's petition for habeas relief (Doc. No. 2) is **DISMISSED** as untimely. The Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis. Further, based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)). If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability from the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 10th day of December, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court